MARTIN PICKETT'S HEIRS, PLAINTIFFS IN ERROR V. SAMUEL
LEGERWOOD ET AL.

The court refused to quash a writ of error on the ground that the record
was not filed with the clerk of the court until the month of June 1832,
the writ having been returnable to January term 1832. The defendant
in error might have availed himself of the benefit of the twenty-ninth
rule of the court, which gave him the right to docket and dismiss the
cause.

The appropriate use of a writ of error, coram vobis, is to enable a court to
correct its own errors, those errors which precede the rendition of the
judgment. In practice the same end is now generally attained by mo-
tion, sustained, if the case require it, by affidavits; and the latter mode
has superseded the former in the British practice.

In the circuit court for the district of Kentucky, a judgment in favour of
the plaintiff in an ejectment was entered in 1798, and no proceedings on
the same until 1830; when the period of the demise having expired, the
court, on motion, and notice to one of the defendants, made an order in-
serting a demise of fifty years. It having been afterwards shown to the
court that the parties really interested in the land, when the motion to
amend was made, had not been noticed of the proceeding, the court
issued a writ of error coram vobis, and gave a judgment sustaining the
same, and that the order extending the demise should be set aside. From
this judgment a writ of error was prosecuted to this court; and it was
held that the judgment on the writ of error coram vobis, was not such a
judgment as could be brought up by a writ of error for decision to this
court.

IN error to the circuit court of the United States for the district
of Kentucky.

In the circuit court of Kentucky, at November term 1831,
the defendants in error, Samuel Legerwood, Hugh Roseberry,
William Henderson, *William Mitchell* and John Graves, filed
a petition, stating that in 1796 a certain Martin Pickett brought
his action of ejectment in the district court of the United States
of the Kentucky district, against *William Mitchell* and *William
Maxwell*. That the petitioner, Samuel Legerwood, under
whose father and testator William Legerwood, the said de-
fendants who were tenants claimed, was, with the said tenants,
made defendant; and in 1798 a judgment was obtained in the
said court in favour of Pickett, but no writ of possession was

executed in favour of Pickett. The demise in the declaration was laid at ten years, and expired in 1806, and remained dead and inoperative for nearly twenty-five years, when, before the spring term of the court in 1830, a notice was served by the attorney for the devisees of Martin Pickett on *William Mitchell*, that the court would be moved to amend the demise by inserting a new one; and on the sixth day of the term he procured an order to be made, inserting a demise of fifty years, without the knowledge of any person interested in the said land at that time, which ex parte order was not discovered until one year after. That a writ of possession was then, at the time of filing the petition, in the hands of the marshal, and he was about to take possession of the said land.

The petition proceeds to set forth the title under which William Legerwood, the father of Samuel Legerwood, claimed the land, against the title set up by Martin Pickett. That William Mitchell, one of the defendants in the suit, was a tenant of part of the land; that the tract of Legerwood was, several years after the judgment in ejectment, sold by an execution in favour of the devisees of Pickett, and was bought by Thomas Starke, to whom the sheriff conveyed the same; to whom also William Mitchell, the said defendant, sold out his interest in the land, and moved away nearly one hundred miles from the land; and has not for many years been a tenant of it. This fact is alleged to have been well known to the attorney for the devisees of Pickett; and that Mitchell, having no interest in the same, gave no information of the intended motion to the rest of the petitioners, who are terre tenants. The petition proceeds to state sundry conveyances and devises of the land under which the parties to the petition all became owners or claimants of the same, or possessors thereof, before the said motion to amend the demise, and the notice of the same to William Mitchell.

The petitioners Henderson, Graves and Roseberry say they are exclusive terre tenants, and, as such, were entitled to notice, even if the judgment was to be revived by scire facias; and that Mitchell had not been a terre tenant for upwards of ten or twelve years, and had no interest therein. That Samuel Legerwood has never been a terre tenant, but was entered

[Pickett's Heirs v. Legerwood et al.]

defendant for those claiming under the title of his deceased father, and that *Maxwell* has abandoned the possession, and has been dead for many years.

The petition prays the court to award a writ of error coram vobis, to reverse and annul the order extending the demise, and to quash the impending writ of habere facias possessionem; and for such other relief as the case requires.

The circuit court ordered an injunction to stay proceedings on the habere facias: and on the 26th November 1831 the following judgment was entered:

" The court being now sufficiently advised of and concerning the premises, do consider that the plaintiff's writ of error coram vobis, be sustained; that the order extending the demise in the declaration of Seekright, on demise of Pickett against Mitchell, &c. be set aside, and the habere facias which issued thereon be quashed; and that the plaintiffs recover of the defendants their costs herein expended."

From this judgment the plaintiffs in error, on the 28th of November 1831, prosecuted a writ of error to this court. The citation is dated of the 28th November 1831, and required the defendants in error to appear at the January term 1832 of this court.

The record brought up by the writ of error, was filed in June 1832.

Mr Loughborough, for the defendants in error, moved to quash the writ of error on the following grounds.

1. Because, although the writ of error was returnable to January term 1832 of this court, the record was not filed until June 1832, the term of January 1832 having thus intervened.

2. Because the proceedings of the circuit court on the writ of error coram vobis, were not of such a nature as to admit of revision in this court; it being no more than a different form or mode of exercising the power the circuit court had over its acts, and therefore subject to the rules which this court have established against revising the interlocutory acts or orders of inferior courts.

The motion was opposed by Mr Wickliffe, for the plaintiffs in error.

Mr Justice JOHNSON delivered the opinion of the Court.

This was a motion to quash the writ of error upon two grounds.

The first was because the record was not filed with the clerk of this court until the month of June 1832, whereas the writ of error was duly served, returnable to the January term 1832. It was contended that the case was out of court by lapse of time, and the filing at that late day could not reinstate it. But on this ground we are of opinion that the motion cannot be sustained; since the defendant in error might have availed himself of the benefit of the rule of court, which gave him the right to docket and dismiss the cause. This court decided in the case of Wood and Lide, that provided the service be before the return day of the writ, a return at a subsequent day will be sustained. 4 Cranch, 150, 2 Peters's Cond. Rep. 76.

The second ground is one which required more examination. The judgment below was rendered on a writ of error coram vobis, sued out in the same court, for the purpose of correcting an error committed at a previous term, and into which it was contended that the court had been surprised. We are not now called upon to decide on the merits of the cause below; nor whether it was a case proper for the application of that remedy. The motion here is to quash the writ of error, upon the ground that it is an exercise of jurisdiction in the court below which does not admit of revision in this tribunal: that it is but a different form or mode of exercising the power of the court of the first resort over its own acts, and is therefore subject to the same exceptions which have always been sustained in this court, against revising the interlocutory acts and orders of the inferior courts.

It cannot be questioned that the appropriate use of the writ of error coram vobis, is to enable a court to correct its own errors; those errors which precede the rendition of judgment. In practice the same end is now generally attained by motion; sustained, if the case require it, by affidavits; and it is observable, that so far has the latter mode superseded the former in the British practice, that Blackstone does not even notice this suit among his remedies. It seems, it is still in frequent use in some of the states; and upon points of fact to which the remedy

[Pickett's Heirs v. Legerwood et al.]

extends, it might, perhaps, be beneficially resorted to as the means of submitting a litigated fact to the decision of a jury; an end which, under the mode of proceeding by motion, might otherwise require a feigned issue, or impose upon a judge the alternative of deciding a controverted point upon affidavit, or opening a judgment, perhaps to the material prejudice of the plaintiff, in order to let in a plea.

But in general, and in the practice of most of the states, this remedy is nearly exploded, or at least superseded by that of amending on motion. The cases in which it is held to be the appropriate remedy will show that it will work no failure of justice, if we decide that it is not one of those remedies over which the supervising power of this court is given by law.

The cases for error coram vobis, are enumerated without any material variation in all the books of practice, and rest on the authority of the sages and fathers of the law. I will refer to the pages of Archbold for the following enumeration. (1st Vol. 234, 276, 277, 278, 279.) "Error in the process, or through default of the clerk; error in fact, as where the defendant being under age sued by attorney, in any other action but ejectment; that either plaintiff or defendant was a married woman at the commencement of the suit; or died before verdict or interlocutory judgment, and the like."

But all the books concur in quoting the language of Roll's Abridgement, p. 749, "that if the error be in the judgment itself, and not in the process, a writ of error does not lie in the same court, but must be brought in another and superior court."

The writ of error in this case was but a substitute for a motion to the court below, to correct an error of its own, in granting improvidently a motion for leave to amend. Many years had elapsed since entering a judgment in ejectment; the term declared on had long since expired; the terre tenant was changed; only one of the original defendants survived, and he had removed to a great distance from the premises recovered; on him alone notice of the motion was served; and the court, unaware of these facts, granted leave to amend the declaration in the original suit by extending the term more than twenty years, so as to enable the plaintiffs to sue out a writ of possession. This writ of error was sued out to enable the court

[Pickett's Heirs v. Legerwood et al.]

below to correct that error; they have ordered that it shall be corrected; and from that order to set aside their former order and quash the writ of possession, is the appeal now made to the reversing power of this court.

We think the case comes precisely within the rule laid down by this court in the case of Waldon v. Craig, 9 Wheat. 576; with this difference, that the latter was a case in which the court thought so favourably of the claim of the plaintiff in error, that they would have sustained the suit if it had been possible. The court there express themselves thus. "There is peculiar reason in this case, where the cause has been protracted, and the plaintiff kept out of possession beyond the term laid in the declaration, by the excessive delays practised by the opposite party. But the course of this court has not been in favour of the idea that a writ of error will lie to the opinion of a circuit court granting or refusing a motion like this. No judgment in the cause is brought up by the writ, but merely a decision on a collateral motion, which may be renewed."

In that case, as in this, the motion was to extend a term in ejectment, after judgment; but where the plaintiff's delay in proceeding with his writ of possession, was not attributable to his own laches. He had been arrested in his course by successive injunctions sued out by the defendants. This court did there recognize the case of delay by injunction as one in which, in that action, the court might exercise the power to enlarge the term even after judgment, and the particular case as one which merited that exercise of discretion; but dismissed the writ of error because it was a case proper for the exercise of that discretion, and not coming within the description of an error in the principal judgment.

On consideration of the motion made to dismiss this writ of error to the circuit court of the United States for the district of Kentucky, it is now here ordered and adjudged by this court, that this writ of error to the said circuit court be, and the same is hereby dismissed with costs.