## PREVEDEN v. HAHN et al.

District Court, S. D. New York.

Jan. 13, 1941.

Harry M. Justiz, of New York City, for plaintiff.

. Vahan H. Kalenderian, of New York City, for defendants.

GODDARD, District Judge.

The plaintiff moves to vacate an order made by one of the Judges of this court, dismissing plaintiff's complaint on the merits, and asks for a substitution of attorneys. This order was based upon a stipulation signed by counsel for the plaintiff and by counsel for defendants consenting to the dismissal on the merits. The plaintiff seeks to vacate the order on the ground that his then attorney had no authority, express or implied, to give such consent or to sign the stipulation. The defendants oppose this application and contend that:

(a) The court, because of lapse of time, no longer has jurisdiction;

(b) The alleged claims of the plaintiff have been barred by the statute of limitation; .

(c) Plaintiff has no right to a judicial review of the acts charged in the complaint as he had previously consented to and did arbitrate such claims.

■ The attorney for the plaintiff, who signed the consent dismissing the action, admits in an affidavit on file that he had no express authority to do so, and this is the fact. Defendants apparently do not claim otherwise, but contend that such authority existed by implication in the attorney's retainer. In this contention the defendants are wrong. An attorney has no right to settle his client's case nor to consent to a dismissal of it upon the merits which in effect is a release of the claim, without express authority from his client. No such authority is implied in a mere retainer. White v. Joyce, 158 U.S. 128, 129, 15 S.Ct. 788, 39 L.Ed. 921; Kingsbury v. Buckner, 134 U.S. 650, 10 S.Ct. 638, 33 L.Ed. 1047; United States v. Beebe, 180 U.S. 343, 21 S.Ct. 371, 45 L.Ed. 563; Schram v. Poole, 9 Cir., 111 F.2d 725; Countryman v. Breen, 241 App.Div. 392, 271 N.Y.S. 744. The order in question was therefore not valid and the plaintiff did not learn of its entry until several months had passed.

Defendants contend that as it was entered on February 20, 1940, no relief may now be granted to the plaintiff relying upon Rule 6 of the General Rules of this court, and Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Insofar as Rule 6 of the General Rules of this court, which provided that all terms of the court were extended ninety days from the date of entry of the judgment, is concerned, it may be disregarded, for Rule 6(c) of the New Federal Rules of Civil Procedure states that "the period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the expiration of a term of court".

■ Rule 60(b) of the Federal Rules of Procedure provides that on motion the court may relieve a party from a judgment or order taken against him through his mistake, inadvertence, surprise, or excusable neglect within six months after entry of such judgment or order. It is apparent that plaintiff cannot obtain relief under this section, more than six months having expired between the time of the entry of the judgment and this application. But plaintiff is not denied any form of relief for Rule 60(b) does not deprive plaintiff of the remedies formerly available to him under prior practice; it expressly says " * * * This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding * * *". This reserves to the courts the inherent power to vacate orders or judgments improperly entered and preserves for litigants the old remedies of bill of review in equity and bill of error "coram vobis" or "coram nobis" at law. Cf. Moore Federal Practice, Volume 3, Sections 60.01, 60.03, and 60.04.

In United States v. Mayer, 235 U.S. 55, at page 67, 35 S.Ct. 16, 19, 59 L.Ed. 129, Mr. Justice Hughes (now Chief Justice), writing for the court, after referring to the general principle that a court cannot set aside or alter its final judgment after the expiration of the term at which it was entered, says: "There are certain exceptions. In the case of courts of common law * * * the court at a subsequent term has power to correct inaccuracies in mere matters of form, or clerical errors, and, in civil cases, to rectify such mistakes of fact as were reviewable on writs of error coram nobis, or coram vobis, for which the proceeding by motion is the modern substitute. * * * These writs were available to bring before the court that pronounced the judgment errors in matters of fact which had not been put in issue or passed upon, and were material to the validity and regularity of the legal proceeding itself * * *". See also Wetmore v. Karrick, 205 U.S. 141, 27 S.Ct. 434, 51 L.Ed. 745; New England Furniture & Carpet Co. v. Willcuts, D.C., 55 F.2d 983; City of Manning v. German Insurance Co., 8 Cir., 107 F. 52, at page 56.

■ Since the ancient writ of coram vobis has been replaced by the more modern and simpler procedure of bringing a motion, the question presented is whether the relief sought by plaintiff is of the character recognized by the writ of coram vobis. The judgment now sought to be vacated is a judgment of this court founded upon an error not in law but an error of fact not appearing on the face of the record nor put in issue, unknown at the time to the court and to the party seeking relief through no fault on the part of the court nor the aggrieved party, and is a judgment which would not have been entered had this fact been known. Therefore, the court has the authority to entertain this motion and to grant such

954

relief as the situation calls for which clearly is to vacate the judgment in question.

In The Palmyra, 12 Wheat. 1, at page 10, 6 L.Ed. 531, Mr. Justice Story said: "Every court must be presumed to exercise those powers belonging to it, which are necessary for the promotion of public justice; and we do not doubt, that this court possesses the power to reinstate any cause, dismissed by mistake".

The other two defenses mentioned above relate to the merits of the cause of action and may be passed upon at the proper time.

Motion to vacate the judgment and for substitution of attorneys is granted. Settle order on notice.