## WELLER v. SOCONY VACUUM OIL CO. OF NEW YORK.

District Court, S. D. New York.

Nov. 17, 1941.

Manuel L. Katz, of New York City (Seymour L. Colin, of New York City, of counsel), for plaintiff.

Louis Mead Treadwell, of New York City (John J. Manning, of New York City, of counsel), for defendant.

GODDARD, District Judge.

This is a motion by the plaintiff to vacate an order entered on June 13, 1941 dismissing the complaint for lack of prosecution. The suit instituted February 7, 1940, is brought by a seaman to recover damages for personal injuries alleged to have been sustained by him on defendant's vessel S. S. Paulsboro on February 27, 1938.

On April 19, 1940, an order granting the defendant a bill of particulars was

entered upon consent. This was followed on May 10th by formal service of such order. However, no bill of particulars was ever served, and on June 13, 1941, upon a general call of the calendar the cause was dismissed for lack of prosecution pursuant to Rule 30 of the General Rules of this Court.

According to the affidavit submitted by the attorney for the plaintiff the failure to serve a bill of particulars was due to the oversight or inadvertence of a clerk then in the employ of the attorney for the plaintiff, who had charge of this matter and who subsequently was inducted into the United States Army.

The defendant contends that as Rule 30 of the General Rules of this Court provides that for the purpose of a motion to vacate such a dismissal, the term of court at which the cause was dismissed was extended thirty days from the date of mailing notice of the dismissal and that as more than thirty days has expired, plaintiff's motion must be denied. The fact that the term of court has expired does not deprive the court of the power to grant relief. Preveden v. Hahn, D.C., 36 F.Supp. 952.

Rule 6(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "The expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action which has been pending before it."

Rule 60(b) of the Rules of the Federal Rules of Civil Procedure is applicable; that Rule provides that the court upon motion " * * * may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect" if the motion is made within a reasonable time; but in no case exceeding six months after such judgment, order or proceeding was taken.

Therefore as six months or an unreasonable time has not elapsed since the order dismissing the cause was entered, this court has the power to grant relief and as the judgment or order taken against plaintiff may be fairly described as being due to mistake or inadvertence, he should have relief.

Motion to vacate the order dismissing the case is granted. Settle order on notice.