## TINKOFF v. UNITED STATES.

### No. 5471.

Circuit Court of Appeals, Seventh Circuit.

July 7, 1942.

Paysoff Tinkoff, pro se.

J. Albert Woll, of Chicago, Ill., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MAJOR, Circuit Judge.

This is a motion by appellant for an order granting him leave to file in the United States District Court, Northern District of Illinois, Eastern Division, his petition for a writ of error in the nature of a writ of error coram nobis, and a petition to vacate, set aside and expunge a judgment of conviction entered in that court on July 20, 1934. The judgment under attack was affirmed by this court. Tinkoff v. United States, 7 Cir., 86 F.2d 868. As a result of such judgment and affirmance, appellant was sentenced to and did serve a term in the Federal Penitentiary.

Heretofore appellant's petition was presented to the District Court which properly held, so we think, that leave to file the same should first be obtained from this court.

The petition alleges a long series of events beginning with the investigation of the offense with which he was later charged and convicted, including those concerning his trial and conviction, as well as others subsequent thereto, all designed to show that he has been deprived of constitutional rights. Some of the allegations di-

rected at the unfairness of his trial, especially those that he was improperly represented by counsel, were made and disposed of by this court in the opinion affirming the conviction. We are of the view that they need not again be considered.

The most serious allegation and one which has not heretofore been considered by this court is that he was convicted on perjured testimony as a result of a conspiracy between Government officials and one Newman, a co-defendant who entered a plea of guilty and testified on behalf of the Government. It is alleged that Newman's testimony, upon which the Government chiefly relied, was given as a result of the said conspiracy. It is alleged that knowledge of the conspiracy did not come to the appellant until July 30, 1934. What appears to be the most pertinent paragraph of the petition is as follows:

"That your Petitioner alleges that said Treasury Department and prosecuting officials, in the presence of the attorneys of William J. Newman and his accountants, said to William J. Newman as follows, after said William J. Newman had sworn that Paysoff Tinkoff, your Petitioner, was innocent, in substance as follows:

"Mr. Newman, we know you are telling the truth in saying you are guilty, and that Mr. Tinkoff is innocent. We don't want you. We want to get Mr. Tinkoff. We are out after him, not you. Now, if you will not testify so, and shift the blame to Mr. Tinkoff, then we will go after you and be hard on you. Think it over and let us know."

It is further alleged that Newman, on the advice of his attorneys (naming two attorneys) entered into the conspiracy with the prosecuting officials and the Treasury Department to commit perjury against appellant in consideration of the agreement that Newman should receive a light sentence. It is further alleged that the prosecuting officials knew that appellant was innocent and that a conviction could not be had without the perjured testimony of Newman. It is further alleged, on information and belief, that the testimony of Government witnesses was rehearsed in a banker's office in the City of Chicago, and that the reason for the conspiracy was to disbar appellant from practicing before the Income Tax Division of the Treasury Department.

As will be noted, the names of the persons referred to as prosecuting officials and the Treasury Department are not stated. Neither is it stated by whom or in what manner appellant expects to prove the allegations (mostly conclusions) that he was convicted on perjured testimony. Furthermore, while his petition is sworn to, no affidavits are submitted in its support.

■ The recent case of Hysler, Petitioner, v. State of Florida, 62 S.Ct. 688, 691, 86 L.Ed. ——, decided by the Supreme Court March 2, 1942, appears to sustain the right of a defendant to a review of a case wherein a conviction is obtained upon perjured testimony given as a result of connivance with the prosecuting officials. In that case, the petitioner's conviction was sustained by the Supreme Court of Florida, 132 Fla. 200, 181 So. 350, which court subsequently twice denied an application for review similar to that sought in the instant case. The United States Supreme Court sustained the action of the State Supreme Court largely, as we understand, on the basis that that court had not abused its discretion. The court said: " * * A petitioner must 'make a full disclosure of the specific facts relied on', and not merely his conclusions 'as to the nature and effect of such facts'. The proof must enable the appellate court to 'ascertain whether, under settled principles pertaining to such writ, the facts alleged would afford, at least prima facie just ground for an application to the lower court for a writ of error coram nobis.' * * *"

In connection with petitioner's contention before the Florida court, the court further said:

"The essence of Hysler's claim before the Supreme Court of Florida was that his conviction was secured by unconstitutional means, that Baker was coerced to testify falsely by responsible state officials. The Court had to judge the substantiality of this claim on the basis of all that was before it, namely, the petition with its accompanying affidavits and the records of prior cases arising out of the same crime. The Court concluded that Hysler's proof did not make out a prima facie case for asking the trial court to reconsider its judgment of conviction. * * *

"The Florida Supreme Court was under a special duty to determine the substantiality of such a claim as was here made. * * *"

The court decided that petitioner was not denied the protection of the Due Process Clause by the action of the Supreme Court of Florida.

Under this decision, as we understand it, appellant is not entitled to the allowance of his motion as a matter of right. We are charged with the responsibility of determining whether he has made a showing which would justify its allowance. We are of the view that no such showing has been made. As already stated, no supporting affidavits are presented and there is no disclosure as to how or by whom he could hope to prove the essential allegations of his petition. Moreover, appellant satisfied the judgment by serving the term of imprisonment thereby imposed. Whether this would, as a matter of law, preclude the allowance of the motion, we need not decide. The fact, however, is a circumstance which we may properly take into consideration.

What we have said has been directed to appellant's petition for a writ of error in the nature of a writ of error coram nobis. The petition to vacate, set aside and expunge the judgment of conviction on the ground that appellant was denied due process, is predicated upon the same, or substantially similar, allegations. On what theory appellant would have any right to file or maintain a proceeding based upon the latter petition, we are not advised. However, what we have said concerning the former petition is, in our judgment, equally applicable to the latter.

While ordinarily we would be reluctant to refuse a motion of this character and thus deny to a citizen the right to present his petition to a District Judge, we are convinced that it is our duty to do so in the instant matter.

The motion as to both petitions is therefore denied.