Giddings & Wilkens, of New York City, for plaintiff.

Burlingham, Veeder, Clark & Hupper, of New York City, for defendant.

RIFKIND, District Judge.

The motion seeks an order vacating an order of this Court dismissing the cause for lack of prosecution. In addition, the present attorneys for the plaintiff ask to be substituted for the plaintiff's former attorney without making provision for any lien in favor of plaintiff's former attorney.

The action is to recover damages for personal injuries alleged to have been suffered on May 13, 1939. Suit was instituted on October 3, 1940. On December 23, 1941, an order was entered dismissing the cause for lack of prosecution after a general calendar call pursuant to Rule 30 of the General Rules of this Court. Notice of the order was sent to the attorneys for the plaintiff on January 12, 1942.

This motion was made after a lapse of more than six months from the entry of the order of dismissal. The defendant never interposed an answer to the complaint. It claims that it had persuaded plaintiff's attorney that the action was without merit. The explanation of plaintiff's attorney is not available. He has not seen fit to come forward to justify his conduct in permitting the complaint to be dismissed. It is clear, however, that plaintiff did not know of a change of heart on part of his attorney, nor of his failure to bring the case to issue nor of its dismissal. He has never consented to the abandonment of the action. His present attorneys certify that he has a meritorious cause of action. The plaintiff has been deprived of his day in court not through any fault of his own but by the unauthorized act of his attorney. The question is whether the court has power to grant him relief.

1. Rule 30 of the General Rules of this Court make provision for dismissals, for want of prosecution, by the court on its own motion, and for the mailing of notice of such dismissal. It further prescribes that "for the purpose of a motion to vacate such a dismissal by the court of its own motion, the term of court at which the cause was dismissed is extended until thirty days from the date of such mailing of notice by the clerk".

Although this motion is made beyond the term as extended by Rule 30, that of itself would not deprive the court of the power to act, in view of the provisions of Rule 6(c) Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. Weller v. Socony Vacuum Oil Co. of New York., D.C.S.D.N.Y.1941, 2 F.R.D. 158.

2. Rule 60(b), Federal Rules of Civil Procedure, presents a more formidable obstacle. The rule authorizes the court to relieve a party from an order taken against him through his mistake, inadvertence, surprise or excusable neglect, provided a motion for such relief is made "within a reasonable time, but in no case exceeding six months" after the order. Granted that the order of dismissal was the result of plaintiff's excusable neglect, the motion was made beyond the time limitation specified by the rule. I cannot approve the suggestion that the six month period provided by Rule 60(b) is capable of further prolongation by means of Rule 6(b). Nachod & U. S. Signal Co., Inc., v. Automatic Signal Corporation, D.C.Conn. 1940, 32 F.Supp. 588.

If language is to retain any meaning there must be a limit to its elasticity. Rule 60(b) provides a period of grace specific in character; whereas Rule 6(b) makes similar provision general in character. The two rules are complementary. If the grace extended by Rule 6(b) can be used to enlarge that provided by Rule 60(b) then the latter provision becomes entirely useless.

3. Rule 60(b) prescribes its own exceptions to its time limitations. Relevant to the instant matter is the first exception which provides: "This rule does not limit the power of a court (1) to entertain an action to relieve a party from a judgment, order, or proceeding * * *".

In Preveden v. Hahn, D.C.S.D.N.Y.1941, 36 F.Supp. 952, Judge Goddard held that a motion to set aside an order dismissing a complaint on its merits, pursuant to the

528

unauthorized stipulation of counsel, was embraced within the language of the quoted exception. He stated that such a motion was the direct descendant of the bill of review in equity and the bill of error coram vobis or coram nobis at law, citing United States v. Mayer, 1914, 235 U.S. 55, 67, 35 S.Ct. 16, 59 L.Ed. 129.

It may appear that violence is done to the language of the carefully drafted rules if we read the word motion into the word action. However, the intention to preserve the old remedies for the correction of orders and judgments improperly made is quite clear. For the ancient writs of error coram vobis and coram nobis and for the bill of review, the motion is the modern substitute. It should not be lightly inferred, in the absence of express language, that these well established remedies are not embraced in the language of the rule. Fiske v. Buder, 8 Cir., 1942, 125 F.2d 841. See Moore's Federal Practice, Vol. 3 § 60.01 et seq.

The facts in the instant case are not distinguishable in any material respect from those of Preveden v. Hahn, supra, which were held appropriate for the application of a writ of error coram vobis.

The motion to vacate the order of dismissal and for the substitution of attorneys is granted. Submit order.