### UNITED STATES v. LYNCH.
#### No. 8126.

Circuit Court of Appeals, Third Circuit.
Argued Oct. 22, 1942.

Decided Nov. 27, 1942.
Rehearing Denied Jan. 8, 1943.

112

Joseph P. Lynch, pro se.

Cloyd Steininger, of Lewisburg, Pa., for appellant.

Herman F. Reich, of Sunbury, Pa., for appellee.

Before MARIS, JONES, and GOOD-RICH, Circuit Judges.

PER CURIAM.

After careful examination and consideration of the record before us on this appeal, we are unable to see wherein the District Court can be charged with error in denying the appellant's "Motion to Vacate Judgment and Sentence".

The motion is directed at a judgment of guilt entered by the court below on January 24, 1939, upon the defendant's signed plea of guilt of murder in the second degree and a sentence of twenty years servitude in a federal penitentiary duly imposed thereon. The indictment to which the defendant thus plead charged him with murder for a killing perpetrated while both he and the victim were inmates of the federal penitentiary at Lewisburg, Pennsylvania.

At the time the defendant signed and entered his plea of guilt, he was represented by able counsel of wide experience in trial work whom the court had promptly appointed, six weeks earlier, on the defendant's petition for assigned counsel because of poverty. Between the time of his counsel's appointment and the date of the defendant's plea, his counsel had conferred with him in the penitentiary at Lewisburg in preparation for trial on at least twenty-five separate occasions and at all times represented the defendant faithfully.

The defendant, who is now confined in the federal penitentiary at Alcatraz, California, filed the "Motion to Vacate Judgment and Sentence" in the court below, acting in propria persona, on April 24, 1942. The court, upon being informed of the pendency of the motion and after discussing with the United States attorney and the defendant's formerly assigned counsel the matter raised thereby, entered an order on May 28, 1942, denying the motion for reasons stated. The present appeal followed, the defendant again acting in propria persona. The matter has been proceeded with both below and here in forma pauperis upon due allowance by the District Court.

■ No constitutional right of the defendant was violated by the court's considering and disposing of the motion without summoning him to be present in court. We do not understand that the right of a defendant to be present in court throughout his trial has ever been considered to embrace a right to be present also at the argument of motions prior to trial or subsequent to verdict. See both majority and minority opinions in Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674, 90 A.L.R. 575.

■ Even if the motion be considered as a motion for a new trial, the time for filing had long since expired. See Rule 2 (2), Rules, Criminal Procedure after Plea, etc., 18 U.S.C.A. following section 688. Actually, there had been no occasion for moving timely for a new trial. The defendant's conviction was adjudicated on the basis of his voluntary plea of guilt. But, passing those considerations, the matter which the defendant now assigns as justification for the killing does not qualify as after-discovered evidence. On his own showing, it was he who, at the time of his plea, deliberately chose not to disclose either to his counsel or to the court the provocation for the killing which he now alleges and which was as well known to him at the time of his plea as it is now. He preferred to accept sentence for the lesser degree of murder rather than to run the risk of two other possible eventualities (not including a possible conviction of first degree murder) which he says he anticipated and wished to avoid.

■ On the other hand, if the defendant's motion be considered as in the nature of an application for a writ of error coram nobis because of new matter which, had it been made known timely to the court, would likely have inclined the court's judgment in the defendant's favor, still the trial court's denial of the motion here involved would not constitute error. Such motions are not of right but are addressed to the court's discretion which, on the record in this case, could not justly be said to have been abused.

■ The remaining reasons assigned by the appellant are equally without merit. The sentence of twenty years penal servitude was within the competence of the court to impose. Criminal Code, Section 275, 18 U.S.C.A. § 454. The suggestion that the trial court intended to impose the minimum sentence ·(ten years), prescribed by the statute for second degree murder, but mistakenly named twenty years is sufficiently answered by the fact that the court below confirmed the intent of the original sentence when it denied the defendant's motion to vacate wherein the same ground was advanced. In any event, the term of a sentence, so long as it is within the prescribed limits fixed by the relevant statute, is not open to review on appeal. Nor was the plea of guilt of murder in the second degree inconsistent with the charge in the indictment. The appellant was indicted for ·murder and not for murder in the first degree as he erroneously conceives. A finding of guilt of murder in the lesser degree upon an indictment for murder, which as is customary does not limit the degree, is legally permissible. R.S. § 1035, 18 U.S.C.A. § 565. The testimony of witnesses, relating to the killing, which the court received after the defendant's plea of guilt, was in no sense a hearing for the adjudication of the defendant's guilt. His plea, when accepted, concluded that matter. The court merely sought to inform itself concerning the circumstances of the murder for its action upon the plea of guilt and in imposing sentence. The procedure was within the court's discretion and no abuse thereof appears.

The order of the District Court is affirmed.