*595 OPINION.
MaRquette :
It is the position of the petitioners that the securities which they sold in 1923, 1924, and 1925, set forth in the findings of fact, were their personal and private property as distinguished from their interest in the partnership, and that the profits or gains realized on the sale should be taxed as capital1 gain, under section 206 of the Revenue Act of 1921 and section 208 of the Revenue Act of 1924. They also say that they are entitled to deductions in 1923 in the amount of $1,950 on account of a loss sustained on their shares of the capital stock of the Crown-Graphite Co. of Mexico, instead of a loss of $450 for 1924 as heretofore claimed. The respondent denies that the securities in question were the separate property of the petitioners and contends that they were the property of the partnership, which should be included in inventory if on hand at *596 the close of the taxable year, and, hence, that the capital gain provisions of the Revenue Acts of 1921 and 1924 are not applicable. With respect to the loss on the Crown-Graphite Co. stock, the respondent denies that the loss was more than $450, or that it was a capital loss.
The evidence establishes to our satisfaction that the stocks and bonds in question were owned by the petitioners in their individual capacities, and were acquired by them as investments, although for convenience they were carried on the partnership books and were mentioned in the information returns filed by the partnership^ The stocks and bonds sold in 1923, 1924, and 1925 had been owned by the petitioners for more than two years prior to dates of sale, and it follows that the gains should-be taxed under section 206 of the Revenue Act of 1921, and section 208 of the Revenue Act of 1924.
It is clear from the evidence that the petitioners sustained a total loss in 1923 on their investment in the capital stock of the Crown-Graphite Co. of Mexico.. The stock had cost $1,000 and the petitioners had paid several thousand dollars in assessments thereon. In 1923 the corporation was dissolved and the petitioners received nothing in liquidation. At the hearing petitioners stated that they were unable to establish the March 1, 1913, value of the stock, and admitted that the deductible loss is limited, to the amount of the assessments paid by them after March 1, 1913, to wit $1,950. Under the Revenue Act of 1921 the loss is allowable as a deduction from ordinary income, but not as a capital loss. Northern Trust Co. et al., 20 B. T. A. 866.

Decision will he entered under Rule 50.