## WALLACE v. UNITED STATES.
### No. 1320 A.

District Court, W. D. New York.
April 22, 1943.

See also 2 F.R.D. 173.

William B. Mahoney, of Buffalo, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., and Robert M. Hitchcock, Asst. U. S. Atty., both of Buffalo, N. Y., Samuel O. Clark, Jr., Asst. Atty. Gen., and Andrew D. Sharp and Paul R. Russell, Sp. Assts. to Atty. Gen., for defendant.

KNIGHT, District Judge.

Suit is brought to recover $4,419.35 and interest on account of an alleged over-payment of plaintiff's federal income tax for 1929.

Two questions are presented for consideration. These will be considered in the order they are stated. (1) Whether the court was empowered to restore the case to the calendar upon motion of the plaintiff; and (2) whether certain profits derived by the plaintiff from the sale of certain corporate stock was taxable as "capital net gain or as ordinary income." In the instant case the Commissioner taxed such gains as ordinary income.

■ On the question of jurisdiction, the defendant overlooks the fact that this case was on the November, 1937, calendar of this court, upon notice filed by the plaintiff only. The dismissal then granted on the motion of the District Attorney was unauthorized. It is true that the plaintiff did not until two years later move to restore the case to the calendar. The lapse of time does not affect the plaintiff's rights.

On the hearing before this court on the motion to restore, it was my definite understanding that the District Attorney consented to the restoration on the condition that the case be submitted to the court on a stipulation of facts. This understanding is supported by letters in evidence from the District Attorney to plaintiff's attorney. The motion to restore was based both upon affidavit purporting to show "excusable neglect", and upon all the proceedings in the action.

■ This suit was commenced in 1933, but concededly it was held at least until 1937 with the consent of counsel for both parties pending the determination of a suit in this court brought by one Trost, a partner of this plaintiff, involving the questions presented in this case. When the motion to restore was made, the Trost case was pending, and, as indicated by the District Attorney's letter, it was the view of the court that the stipulation of facts should also be made in the Trost case in order that both cases might be considered together. The Trost case was not settled until 1942. While it is also true that the order entered on the motion to restore recites the opposition of the District Attorney, this recital doubtless was made because the stipulation of facts had not been finally agreed upon. The stipulation of facts was made and agreed upon the next month after the entry of this order. Under the express limitation of Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the court had the power to grant the motion to restore. Vide: Preveden v. Hahn, D.C., 36 F.Supp. 952; Cavallo v. Agwilines, Inc., D. C., 2 F.R.D. 526; Moore's Federal Practice, Vol. 3, Sec. 60.01 et seq.; Rule 6(b) and Rule 60(b) of the Federal Rules of Civil Procedure.

■ It also appears that both the suit was brought and the order of dismissal granted prior to the adoption of the new Federal Rules of Civil Procedure. Prior to such adoption the court in its discretion could grant the motion to restore. It is not seen that New England Furniture & Carpet Co. v. United States, D.C., 2 F. Supp. 648, has any application.

We are concerned next with the question of whether profits from the sale of certain Marine Midland and Community National Bank stocks held by the plaintiff for more than two years are taxable as capital assets within the meaning of Section 101 (c) (8), Rev.Act of 1928, 26 U.S.C.A. Int. Rev.Acts, page 371, or whether they come within the exception in that section which includes "stock in trade of the taxpayer * * * held by the taxpayer primarily for sale in the course of his trade or business." Plaintiff and Trost were stockbrokers. They dealt considerably with banking institutions. Plaintiff testified on his trial that these stocks were purchased and held to show an interest in these particular banking institutions with which the firm was doing business. The plaintiff reported the profits in question as "ordinary gains."

■ The Commissioner has taxed the profits from these stocks as ordinary gain. His decision raises a presumption which must be overcome. Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212. The exemption provisions in this statute are to be strictly construed against the taxpayer. New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348; White v. United States, 305 U.S. 281, 59 S.Ct. 179, 83 L.Ed. 172; Deputy v. Du Pont, 308 U.S. 488, 60 S.Ct. 363, 84 L.Ed. 416. The language of the statute granting exemptions is to be strictly construed. Helvering v. Ohio Leather Co., 317 U.S. 102, 63 S.Ct. 103, 87 L.Ed. ——, decided Nov.

8, 1942; Helvering v. Northwest Steel Mills, 311 U.S. 46, 61 S.Ct. 109, 85 L.Ed. 29.

 Business has been defined by the Supreme Court in Flint v. Stone Tracy Co., 220 U.S. 107, 171, 31 S.Ct. 342, 357, 55 L.Ed. 389, Ann.Cas.1912B, 1312, quoting from Bouvier's Law Dict. Vol. 1, p. 273, as "That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." The word "business" has a wide application. Black's Law Dict. 158. The question whether the plaintiff was primarily engaged in trade or business depends on various factors. Material considerations are the extent of the transactions, the variety, continuity, whether substantial or otherwise and the time required in attention to it. Kales v. Commissioner, 6 Cir., 101 F.2d 35, 122 A.L.R. 211; Commissioner v. Boeing, 9 Cir., 106 F.2d 305, certiorari denied 308 U.S. 619, 60 S.Ct. 295, 84 L.Ed. 517; Miller v. Commissioner, 9 Cir., 102 F.2d 476, and cases there cited.

It does appear that in each of the years 1927, 1928 and 1929 the plaintiff purchased and sold numerous stocks of various corporations, and, while the aggregate amount of the stocks purchased and sold was large, and while there was considerable variety, it does not seem that there was such a continuity of purchases or that such time could have been expended in connection with these transactions as brings such transactions within the meaning of stock held by the taxpayer primarily for sale in the course of his trade or business. Comparable questions have been considered by the courts and the Board of Tax Appeals. Vide: Trost v. Commissioner, 34 B.T.A. 24; Weld v. Commissioner, 31 B.T.A. 600; Raiss v. Commissioner, 21 B.T.A. 593; Gilbert v. Commissioner, 20 B.T.A. 765; and Taylor v. Commissioner, 2 Cir., 76 F. 2d 904. Each of these cases held that the profits from the stocks under consideration were not assessable as "capital assets." It does not appear that Commissioner v. Boeing, 9 Cir., 106 F.2d 305, certiorari denied 308 U.S. 619, 60 S.Ct. 295, 84 L.Ed. 517, (cited by the government), is a holding to the contrary. In that case as in Miller v. Commissioner, 9 Cir., 102 F.2d 476, and Kales v. Commissioner, 6 Cir., 101 F.2d 35, the facts necessary to create status of one engaged in trade or business were stated but it seems that the instant case and the cases above cited come within the inclusion of facts as therein stated.

The plaintiff is entitled to judgment in the amount of $4,419.35 and interest.

The report of a revenue agent who investigated plaintiff's transactions was received in evidence. It was so received subject to be later considered. It is now held that the report is improperly received. It is not binding upon the Commissioner.

Let findings be submitted accordingly.