## BROOKS v. CUTLER et al.

1. Decree: AFTER DISMISSAL. A decree rendered against a defendant after the action as against him was dismissed on plaintiff's motion, should be reversed.

*Appeal from Delaware District Court.*

### MONDAY, JUNE 5.

WILLIAM LUPTON, now deceased, and his son-in-law, Edward Clifton, on the 6th day of September, 1857, made and delivered their note to one John Corbin (who transferred the same to plaintiff), in the sum of $180, payable in twelve months thereafter. On the 25th day of August, 1858, the said Lupton was the owner of one hundred and seventy acres of land, situated in Delaware county, in this State. At that date he conveyed by deed one-half of said land to his wife Elizabeth, and the remainder, eighty-five acres, to his daughter, Louisa Clifton. In November following, the said Lupton died. Before his death, he had advertised his personal property for sale. The day after his burial the sale of most of his personal property took place, amounting to three hundred or four hundred dollars, on a credit, and the notes taken, it was claimed, were assigned to creditors in payment of debts. The estate was not administered upon till March, 1860, when one William R. Cox was appointed administrator; and thereupon the

plaintiff filed and proved up his claim before the County Court, which was duly allowed. The administrator failing to find any personal or other property to administer upon, out of the avails of which to pay debts, the plaintiff filed his petition, in the nature of a creditor's bill, setting up the above facts, and alleging that his claim, established and allowed by the County Court, was still subsisting and unpaid, and charging that the conveyances aforesaid to Elizabeth Lupton and Louisa Clifton, the wife and daughter of the deceased, were voluntary in their character, without consideration, and made to delay and hinder creditors, and asked the same to be set aside and the land subjected to the payment of his debts.

At the hearing it was held that the charge was sustained, and the prayer of the bill was accordingly granted.

*L. M. Ingalls* for the appellants.

*Wellman* for the appellee.

Lowe, J. — The defendants, in prosecuting their appeal, insist upon two objections to the decree below:

1. DECREE: after dismissal.

First. In setting aside the conveyance to Elizabeth Cutler (formerly Elizabeth Lupton), and subjecting her land to the payment of plaintiff's judgment, when the record shows that before the trial the plaintiff dismissed his suit as to the said Elizabeth and George Cutler.

The objection is evidently well taken, and the judgment in this particular should be corrected. It would not be a less strange than a dangerous practice to suffer a party, after dismissing his action against a defendant, and getting him out of the way, to go forward and take judgment against him.

The second objection is founded upon the alleged insufficiency of the evidence to justify the decree entered against Louisa and Edward Clifton. This assumption

does not command our assent. The evidence, taken as a whole, fairly interpreted, will support the decree, and the same will be affirmed as it affects Clifton and wife, but reversed as to Elizabeth Cutler and her husband.

The cost of this appeal to be taxed equally to the plaintiff and the defendants, Edward and Louisa Clifton.

Modified affirmance.