AMERICAN BURIAL CASE CO. *v.* M. SHAUGHNESSY, UNITED STATES MARSHAL, USE, ETC.

1. JUDGMENT OF DISMISSAL. *Effect on jurisdiction.*

   Dismissal of an action on a bond upon the grounds of failure to pay a docket fee and to revive in the name of the administrator of the deceased usee is final; and, if the court reinstate the case at a subsequent term, all proceedings afterwards are void, and the defendant's silent acquiescence in a trial does not confer jurisdiction.

2. SAME. *Usee's administrator's rights under statute.*

   Such dismissal at the first term after the usee's death is suggested and before his administrator has become a party, if in violation of the statute (Code 1871, § 679), which allows until the second term for the administrator to appear, is not void and to be disregarded, but erroneous and to be corrected by appeal.

3. SAME. *Usee's death. Effect on suit.*

   A valid order of dismissal can be rendered after the usee's death and before revivor, for, while the administrator may come in under Code 1871, § 678, he is not required to make himself a party, but the suit can be disposed of without him. *Lee* v. *Gardiner*, 26 Miss. 521.

4. SAME. *Jeofails. Discontinuance. Verdict.*

    Dismissal on the two grounds is not cured after verdict by the Statute
of Jeofails; and a discontinuance under Code 1871, § 679, for the ad-
ministrator's failure to become a party, if this were the sole ground,
is not the technical common-law discontinuance to which alone Code
1880, § 1727, applies.

    APPEAL from the Circuit Court of Warren County.

    Hon. UPTON M. YOUNG, Judge.

    *G. Gordon Adam,* for the appellant.

    Although the judgment of dismissal was erroneous, so far as
it rested on Code 1871, § 679, it was nevertheless a final dis-
position of the case, and could not be treated as a nullity.
This judgment rests also, however, upon the additional ground
that no docket fee was paid, under Acts 1876, pp. 238, 239.
After rendering the judgment, the court had no further juris-
diction of the case, and the only remedy for errors, if any
existed, was an appeal. The order of revivor in the appellee's
name, and all subsequent proceedings, are void. For such a
defect the Statute of Jeofails affords no cure.

    *William French* and *Cowan & McCabe,* for the appellee.

    Two terms are, by the statute, allowed the administrator to
become a party to the suit after the intestate's death, and no
valid order can be made in a case during the interval. The
dismissal was therefore void. But if not, and the revivor was
improper, still the appellant, by appearing and pleading and
having a trial on the merits, waived the error. Parties cannot
thus trifle with the court, and, after one fair trial, they are
not entitled to another. Had the appellant objected, summons
could have been served. The discontinuance, under Code
1871, § 679, is cured by the Statute of Jeofails after verdict.
Code 1880, § 1727.

    CHALMERS, C. J., delivered the opinion of the court.

    Suit was brought upon an indemnity bond given to M.
Shaughnessy, U. S. Marshal. The suit on the bond was
brought in the name of Shaughnessy for the use of Taft, the
claimant of the property about to be levied on. Taft died
after the institution of the suit on the bond, and his death
being suggested, leave was given to revive in the name of his

personal representatives, when known; but at the next term after the suggestion of death, the case was by the court dismissed, upon the double ground as recited in the order of dismissal, " that no legal representative had appeared and become a party to the suit, and no docket fee had been paid." (The allusion was to the docket fee prescribed by the act establishing a special circuit court district in Warren County. Acts 1876, p. 239.) Two terms after the suit had been thus dismissed, the executor of Taft appeared in court, and made affidavit that he was the duly qualified executor of the deceased; that there was, in his opinion, a meritorious cause of action; and that he was unable to give security for the costs, or to pay the docket fee; and thereupon the court made an order reviving the suit in the name of such executor, and permitting him to prosecute the same. Unless the first order dismissing the case was a nullity, the second one reviving in the name of the executor was *coram non judice*, and every step taken after the order of dismissal was absolutely void and of no effect.

An order of dismissal is a final judgment, and puts an end to the jurisdiction of the court. But it is said that the order of dismissal was a nullity, because it took place at the first term after the death of the usee had been suggested, whereas, by § 679 of the Code of 1871, then in force, the personal representative of a deceased litigant had until the second term after a suggestion of death to come in and make himself a party to the litigation. It is argued from this that the order of dismissal was void, on the double ground that it was in violation of this section, and because made at a time when there were no parties plaintiff before the court or in existence, and hence the court had no power to make any order whatever in the case. With regard to the statutory provision, it is manifest that the fact that the dismissal took place at the first term after the suggestion of death, instead of at the second, made it erroneous merely, and not void. The remedy of the party aggrieved was by appeal. He could not, although permitted so to do by the court, treat it as a nullity, and have the case thereafter revived and prosecuted.

Neither is it true that the order of dismissal was void, because there was no personal representative of the deceased

usee before the court when it was made. The nominal plaintiff was alive, and the suit could have been prosecuted to final judgment in his name, without revival in the name of the representative of the deceased usee. While the statute (Code 1871, § 678) makes it lawful for the representative of the deceased usee to come in and make himself a party, it does not require that he shall do so, and the suit may well proceed without him. *Lee* v. *Gardiner*, 26 Miss. 521. If final judgment may be rendered in favor of the nominal plaintiff, it may of course be rendered against him ; and hence it follows that, though the judgment of dismissal rendered in this case may have been erroneous (a question which we do not decide, because it is not before us), it certainly was not a nullity, and could not be so treated by the plaintiff or by the court at a succeeding term. It was a final disposition of the case, and, until reversed on appeal, deprived the court of all further jurisdiction over the subject-matter, nor could the subsequent silent acquiescence of the defendant in the trial which followed confer jurisdiction.

It is urged that § 679 of the Code of 1871, in relation to a failure by the representatives of a deceased party to come in and make themselves parties to pending suits, declares that said suits shall be " discontinued," and that, by the Statute of Jeofails, § 1727, Code of 1880, it is provided that " discontinuances " shall be cured by verdict, and hence that the verdict cuts off all question in this court of the effect of such failure of the personal representatives in this case. Even if this were so, it would not affect the result, since the judgment of dismissal was both because of the failure to revive, and of the failure to pay the tax-fee required by the special statute in relation to Warren County, cited above. But we think that the Statute of Jeofails, in curing discontinuances by verdict, had no reference to formal orders of the court dismissing cases for any cause, but related solely to those acts or omissions of the parties or their counsel which, by the common law, operated as technical discontinuances of the suit.

*Judgment reversed.*