ANHEUSER-BUSCH BREWING ASSOCIATION, APPELLEE, V. BENNETT HIER, APPELLANT.

| | |
|---|---|
| 55 | 557 |
| 60 | 207 |
| s60 | 320 |
| 55 | 565 |
| 60 | 594 |

FILED JUNE 23, 1898.   No. 10053.

1. **Courts:** JURISDICTION. A cardinal principle governing courts in the administration of justice is that the power to make valid orders is only co-existent with jurisdiction of the cause.

2. **Judgment.** A personal judgment against a party who is no longer in court is absolutely null.

3. ————: PAYMENT: RESTITUTION: REVERSAL. An order for the restitution of money, paid pursuant to the direction of an erroneous judgment, cannot be made after such judgment has been reversed and the action dismissed.

APPEAL from the district court of Saline county. Heard below before HASTINGS, J. *Affirmed.*

*F. I. Foss* and *Norman Jackson*, for appellant.

*E. S. Abbott*, contra.

SULLIVAN, J.

The Anheuser-Busch Brewing Association brought an action in the district court for Saline county to subject to the payment of a judgment recovered by it against Bennett Hier certain money belonging to the latter and held by Albertus N. Dodson in his official capacity as

clerk of said court. In that action the plaintiff had judgment, in obedience to which Dodson paid to it the sum of $584.55 out of the funds of Hier then in his hands. Afterwards an appeal was prosecuted to this court, where the judgment was reversed and the cause dismissed. (*Anheuser-Busch Brewing Ass'n v. Hier*, 52 Neb. 424.) Hier then moved for a restitution of the money paid to the plaintiff while the judgment was in force. The district court denied the motion on the ground that it no longer possessed jurisdiction of the cause. The correctness of this ruling is the only question presented for decision by this appeal.

Appellant's right to have restitution of the money on reversal of the judgment cannot be doubted. (6 Am. & Eng. Ency. Law [1st ed.] 835; *Eames v. Stevens*, 26 N. H. 117; *Flemings v. Riddick*, 5 Gratt. [Va.] 272; *Bickett v. Garner*, 31 O. St. 28.) And had the record disclosed the fact of payment this court would have made an appropriate order for the protection and enforcement of that right. But we were not informed that any payment had been made under the erroneous judgment, and no application was made for a vacation or modification of the absolute order of dismissal entered here. So when the motion for restitution was presented the cause was not pending and the district court was without jurisdiction of the parties. After the cause was dismissed the litigants were no more subject to the orders of the court than they were before the action was instituted. (*Stone v. Smoot*, 39 Ill. 409; *Whatley v. Slaton*, 36 Ga. 653; *Morgan v. Campbell*, 54 Ill. App. 244; *American Burial Case Co. v. Shaughnessy*, 59 Miss. 398; *Crawford v. Cheney*, 12 Vt. 567; *Brooks v. Cutler*, 18 Ia. 433; *Williamson v. Williamson*, 1 Met. [Ky.] 303.) In the last mentioned case it was held that a motion for apportionment of costs could not be entertained after the case had been dismissed; and in *Morgan v. Campbell, supra*, it is said: "By the order dismissing the cause the parties were out of court, jurisdiction of the court over them was gone, and

they stood as they were before the suit was commenced."
In the case of *Fleming v. Riddick, supra,* it was held that
the court possessed inherent power to compel the resti-
tution of money collected by one of the litigants from the
other under the authority of an erroneous judgment,
and that it might exercise such power after the judgment
was reversed and the action dismissed.. It is apparant
that this decision is the product of an intemperate zeal
to avoid the unjust consequences of the court's error.
We cannot accept it as authority. It is illogical. It fails
to recognize the cardinal principle that the power to
make valid orders cannot survive the loss of jurisdiction.
It ignores the self-evident proposition that a personal
judgment against a party who is no longer in court is
absolutely and utterly void. The law sets bounds to the
authority of courts to correct their own errors, and every
act performed by them beyond those limits is plain
usurpation and should be condemned,, however com-
mendable the motives that inspired it. Judicial lawless-
ness cannot be defended on the specious plea that the
end to be accomplished justified it. The judgment is

AFFIRMED.