## DOWLING v. BUCKLEY.

---

LANDLORD AND TENANT; APPEAL FROM JUSTICE OF THE PEACE; SUPERSEDEAS BOND; APPEAL BOND.

1. An appeal bond, in form a supersedeas bond and insufficient as such, but sufficient as a cost bond, will support an appeal from a justice of the peace in all cases where a supersedeas bond is not required.

2. Under D. C. Code, sec. 1233 [31 Stat. at L. 1383, chap. 854], a bond given on appeal from a justice of the peace in a landlord and tenant case. must, in order to operate as a supersedeas, be entered into by two sureties.

3. Under D. C. Code, sec. 1233, a defendant in a landlord and tenant case need not, in order to perfect his appeal from a justice of the peace, give a supersedeas bond. (Citing *Brown* v. *Slater,* 23 App. D. C. 51.)

No. 1622. Submitted February 20, 1906. Decided March 7, 1906.

HEARING on an appeal by the defendant from an order of the

Supreme Court of the District of Columbia dismissing his appeal from a justice of the peace.                    *Reversed.*

The COURT in the opinion stated the facts as follows:

It appears that heretofore the appellee, Thomas W. Buckley, brought suit before a justice of the peace to recover certain premises occupied by appellant, Albert Dowling, and located in the city of Washington, District of Columbia. Trial was had and judgment rendered against appellant for possession and costs. From that judgment an appeal was noted to the supreme court of this District. For the purpose of perfecting the appeal an undertaking, with one surety, was submitted to the justice, who approved and accepted it. The record being transmitted to the supreme court, appellee moved that court to dismiss the appeal on the ground that the undertaking given on appeal was insufficient, and not in accordance with law because it was entered into by but one surety. The motion was granted, and an order entered dismissing the appeal, with costs, and the papers remanded to the justice of the peace who heard the case, with directions to proceed thereunder according to law. From that order this appeal was taken.

The sole question presented for our determination is whether the undertaking, thus entered into by this appellant and one surety, is a sufficient undertaking to sustain the appeal to the supreme court of the District of Columbia.

*Mr. A. A. Lipscomb* and *Mr. W. M. Ellison* for the appellant.

*Mr. J. D. Wright* and *Mr. W. R. Andrews* for the appellee.

Mr. Justice DUELL delivered the opinion of the Court:

While several questions were presented on the argument, and are set out in the briefs filed on behalf of the parties, it will be necessary to consider but one. It is this: Will an appeal lie to the supreme court of the District of Columbia where judg-

ment has been rendered by a justice of the peace in such District, in favor of the plaintiff, in an ordinary landlord and tenant case, without the giving of a supersedeas bond? It is conceded by appellant that the undertaking given in this case is insufficient to act as a supersedeas bond in the light of section 1233 of the District Code [31 Stat. at L. 1383, chap. 854]. If it be found that a supersedeas bond is not requisite and essential to such an appeal, the authorities relied upon by appellant are sufficient to sustain his proposition that a bond, though in form a supersedeas bond, but insufficient as such, if sufficient as a cost bond will support the jurisdiction of the court. There can be no doubt but that the undertaking given by appellant is sufficient as a cost bond. If such a bond is sufficient in a case like that at bar, then we are of opinion that the undertaking given was sufficient to perfect the appeal from the justice of the peace. 2 Cyc. Law & Proc. p. 836, c; *Mestier* v. *Chevalier Pavement Co.* 108 La. 562, 32 So. 520; *Zapp* v. *Michaelis,* 56 Tex. 395.

In form the undertaking given by appellant is a supersedeas bond, and closely follows the requirements of such undertakings as set out in section 1233 of the Code. It was intended to act as a supersedeas, and it would seem that an appeal by a defendant in a landlord and tenant case would seldom be of substantial value if the *status quo* was not preserved pending the appeal. However, intention and presumption are not sufficient in cases of this nature to warrant a finding that an undertaking must be one sufficient to stay the proceedings in the court where the case was originally brought.

Appellee insists that no appeal is permitted from a justice of the peace to the supreme court of the District in a landlord and tenant case unless a supersedeas bond be given, and that the Code provides that such a bond must be executed by the principal and two sureties.

Upon examination of the Code, we find in two different parts thereof that justices of the peace are given jurisdiction of this class of cases. Section 20 of the District Code [31 Stat. at L. 1193, chap. 854] provides that, "whenever any tenant shall unlawfully detain possession of the property leased to him after

his tenancy therein has expired,  * * *   it shall be lawful for any justice of the peace  * * *   to issue a summons to the party complained of to appear and show cause why judgment should not be given against him for the restitution of the possession."

An appeal is provided to the supreme court of the District by section 30 [31 Stat. at L. 1194, chap. 854], "in actions for the recovery of possession of real estate as aforesaid." Section 31 relates to the undertaking to be given. So far as it bears upon the question here at issue, it reads: "No appeal shall be allowed, unless the appellant, with sufficient surety, approved by the justice, shall enter into an undertaking to satisfy and pay whatever final judgment may be recovered in the appellate court, and agree that such judgment may be entered against principal and sureties."

This provision requires that the undertaking shall be, in effect, a supersedeas bond, and that it must be executed by at least two sureties. True, the phrase "sufficient surety" is employed, but surety as there used does not refer so much to the person giving the undertaking as it does to the security, and that appears more clearly in the latter part of the section, which says that the undertaking must provide that any final judgment may be entered against principal and sureties.

Were these the only sections applicable, the appellee's contention would be correct. We find, however, that a subsequent chapter, 39 of the Code (embracing sections 1218 to 1236, inclusive [31 Stat. at L. 1382–1384, chap. 854]), relates entirely to landlord and tenant proceedings. Section 1232 provides for an appeal by either party against whom judgment is rendered by the justice of the peace before whom the case is tried. Section 1233 sets forth the requirements of the undertaking and says: "In case of an appeal by the defendant, his undertaking, *in order to operate as a supersedeas,* shall be an undertaking to abide by and pay the judgment rendered by the justice of the peace, if it shall be affirmed, together with the costs of the appeal, and to pay all intervening damages to the leased property and compensation for the use and occupation thereof from the

date of the judgment appealed from to the date of its affirmance; and in said undertaking *the said defendant and his sureties,* the latter submitting themselves to the jurisdiction of the court, shall agree that, if the judgment be affirmed, judgment may be rendered against them by the appellate court for the amount of the judgment so affirmed and the intervening damages, compensation, and costs aforesaid."

This clearly requires two or more sureties, if the undertaking is to operate as a supersedeas, and, to our minds, by fair implication, it permits an appeal without the necessity of giving an undertaking that shall act as a supersedeas. In *Brown* v. *Slater,* 23 App. D. C. 51, 56, we said: "But the proceedings in appeal in cases of forcible entry and detainer, which are regulated by secs. 1232 and 1233 of the Code, are different from those which govern appeals in ordinary cases. These latter are regulated by secs. 30, 31, of the Code." If sections 1232 and 1233 govern, as has been held, then appellee's contention is not well founded, for, as we have said, the Code, as we construe it, permits an appeal to be taken by the defendant in these proceedings without giving a supersedeas bond. In this respect it differs from the act of 1791, which first gave an appeal in such proceedings as we have now under consideration. The same is true as to section 687, Revised Statutes of the District of Columbia, and of section 1028 of the Revised Statutes of the District of Columbia. All these required an undertaking in the nature of a supersedeas bond. The defendant, as a condition of appeal, had to give such a bond. This was the holding in *United States ex rel. Grady* v. *Bundy,* 22 Wash. L. Rep. 704.* But that case is not an authority in point, because the Code has changed the statute. Such change does not relate to the requirement of the bond as to the sureties, but in permitting an appeal without the requirement of a supersedeas bond. There is no sufficient reason why an appeal should not be permitted a defendant without the requirement of such an undertaking.

---

*A decision of the supreme court of the District of Columbia, in general term.— REPORTER.

Rarely would a defendant care to appeal if he were ousted from the premises pending the appeal. Cases may, however, arise where an appeal without a stay might be of substantial value to the defendant. He might be the lessee for a long term of a large building, all or portions of which he sublet. Circumstances might be such that it would be impossible for him to give the stay bond that would be required. The justice of the peace. may have clearly erred. It would deprive the lessee of a substantial right to forbid an appeal without a supersedeas undertaking. Congress doubtless thought that similar cases might arise, and by the language employed meant to provide for such cases.

We consider the undertaking sufficient as an ordinary appeal bond, and, concluding that the Code does not require that the defendant in a landlord and tenant case should give a supersedeas bond in order to entitle him to an appeal, we think the court below was in error in dismissing the appeal.

It follows that the order dismissing the appeal must be reversed, with costs, and the case remanded to the court below, with directions to reinstate the appeal. And it is so ordered.

*Reversed.*