**CAPITAL TRANSIT CO., Inc., v. CRUSADE.**

No. 816.

Municipal Court of Appeals for the District of Columbia.

Argued June 20, 1949.

Decided July 12, 1949.

Edwin A. Swingle, Washington, D. C., with whom Ernest A. Swingle and Allan C. Swingle, Washington, D. C., were on the brief, for appellant.

Louis Ginberg, Washington, D. C., with whom Frederick De Joseph, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal, representing the second time the case has been before this court, involves the distinction between the function of a trial judge in considering a motion for judgment notwithstanding a verdict of a jury and his function in considering a motion for a new trial. There is no doubt that such a distinction exists, at least in the federal practice which governs us here. The distinction has not been followed in the present case, with the result that a second reversal of the trial court's action is necessary.[1]

---

[1] After the appeal had been noted by plaintiff, a suggestion of his death was filed and subsequently we granted a motion to substitute his administratrix as

The suit arose as a negligence action by a passenger on one of the transit company's street cars for injuries received while alighting. The jury returned a verdict for the passenger and thereafter the transit company moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial court granted the motion for judgment and denied the motion for a new trial. On the first appeal we reversed [2] and remanded with instructions to the trial court to reinstate the verdict for the passenger, to reinstate and consider the motion for a new trial on its merits and to give its reasons for its decision on the latter motion. As authority for our decision we cited several federal cases and called particular attention to the procedure followed by Judge Chesnut in Bopst v. Columbia Casualty Co., D.C.Md., 37 F.Supp. 32.

Following receipt of our mandate on the first appeal, the trial court held a hearing on the motion for a new trial. The motion was overruled a second time. This appeal is based upon the transit company's claim that in overruling the motion the trial court did not exercise its discretion and thus failed to follow our previous mandate.

The transcript of the proceedings on this motion for a new trial makes it entirely clear that the transit company's position is correct. The trial court repeatedly stated that since we had held on the first appeal that there was sufficient evidence in behalf of the plaintiff to make the granting of the motion for judgment notwithstanding the verdict improper, it followed that he had no discretion with respect to the motion for a new trial but was bound to overrule such motion.

In arguing the motion counsel for the transit company quoted as follows from our previous opinion, 63 A.2d 878, 880: "However, it is clear that when the alternative motions are made the trial court must act upon each and granting of the motion for judgment is not ground for summarily denying motion for new trial. A motion for judgment presents only questions of law. A motion for new trial often raises matters resting in the discretion of the trial court. In the instant case two grounds assigned for the motion were that the verdict was against the weight of the evidence and that the damages awarded were excessive. Neither of these grounds would support the motion for judgment but the court might in its discretion grant a new trial on these grounds. Thus a trial court may feel that if it be in error as a matter of law in granting the motion for judgment, then in the exercise of its discretion it would grant a new trial."

Counsel then continued: "In other words, in the exercise of the Court's discretion it would grant a motion for a new trial. That is what I am asking of [sic] and arguing to Your Honor right now.

"In other words, Your Honor felt then, and I felt then, and I feel now, if Your Honor please, that the overwhelming weight of the evidence was such, and I know Your Honor has been loath to grant these motions for a new trial except in cases where the evidence was in that state, the evidence was so overwhelmingly in favor of the defendant, and I argued to Your Honor at the time the motion was made for the judgment that it was simply the merest scintilla of evidence in favor of the plaintiff."

The Court then commented: "I still feel that way, but I am bound by the decision of the Court of Appeals, so what am I to do?"

Later in the same hearing the following exchange occurred between court and counsel:

"The Court. Mr. Swingle, I may be the trial judge, and I was in this case, and personally I felt that there was hardly any evidence in this case upon which a recovery would be justified. However, I felt that there was some.

"Mr. Swingle. Yes.

"The Court. From my point of view, that would be grounds for granting a mo-

appellee. Under the circumstances, we call attention to the terms of Pub. L. No. 677, chapter 508, 80th Cong., 2nd Sess., approved June 19, 1948, 62 Stat. 487, amending Sections 235 and 327 of the

Code of Law for the District of Columbia, approved March 3, 1901, as amended. Code 1940, §§ 12—101, 20—501.

[2] Crusade v. Capital Transit Co., D.C. Mun.App., 63 A.2d 878.

tion for a new trial, that is to say, if I were to grant a motion for a new trial, that would be the reason, but I' got myself in this situation, how can I go right back in the face of this decision? It seems to me if I were to grant a motion for a new trial I would be flying right in the face of this decision. I do not feel that I can do that."

In further exchanges between court and counsel the court took the same position, that is to say, he did not decide for himself whether the verdict was against the weight of the evidence or whether the verdict was excessive but overruled the motion for a new trial on the ground that he felt he was bound to do so by our previous decision. It appears necessary, therefore, that we clarify what we previously said on the subject. In the first place we call attention to rule 52A(c) of the trial court, modeled after rule 59(a), F.R.C.P., 28 U.S.C.A., providing that "A new trial may be granted to all or any of the parties and on all or part of the issues *for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States* * * *." (Emphasis supplied.)

The distinction between that insufficiency in law of evidence to support an issue which will justify a peremptory instruction by the court, and that insufficiency in fact of evidence, when weighed with opposing evidence, which, while not permitting a peremptory instruction, will justify a court in setting aside a verdict based on it, and in sending the parties to another trial before another jury has been reviewed on numerous occasions. The question was analyzed in detail by Lurton, J., subsequently a justice of the Supreme Court, in Mt. Adams & E. P. Inclined R. Co. v. Lowery, 6 Cir., 74 F. 463. He summed up the conclusions of the court as follows 74 F. at page 476: "It seems to us to follow, from both reason and authority, that there is a difference between the legal discretion of the court to set aside a verdict as against the weight of evidence, and that obligation which the court has to withdraw a case from the jury, or direct a verdict, for insufficiency of evidence. In the latter case it must be so insufficient in fact as to be insufficient in law; in the former case it is merely insufficient in fact, and it may

be either insufficient in law, or may have more weight, and not enough to justify the court, in exercising the control which the law gives it to prevent unjust verdicts, to allow a verdict to stand.. * * * A judge might, under some circumstances, grant one new trial and refuse a second, or grant a second and refuse a third. In passing upon such motions he is necessarily required to weigh the evidence, that he may determine whether the verdict was one which might reasonably have been reached. But, in passing upon a motion to direct a verdict, his functions are altogether different. In the latter case we think he cannot properly undertake to weigh the evidence. His duty is to take that view of the evidence most favorable to the party against whom it is moved to direct a verdict, and from that evidence, and the inferences reasonably and justifiably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the party having the onus. * * *"

The subject was further clarified by Taft, J., subsequently Chief Justice of the United States, in Felton v. Spiro, 6 Cir., 78 F. 576, 582, when he said:

"It is apparent, from the foregoing, that the view of the learned judge at the circuit, expressed in the opinion on the motion for new trial, that because the court cannot direct a verdict one way, it may not set aside a verdict the other way, as against the weight of the evidence, is erroneous. Indeed, as distinctly pointed out by Judge Lurton, the mental process in deciding a motion to direct a verdict is very different from that used in deciding a motion to set aside a verdict as against the weight of evidence. In the former there is no weighing of plaintiff's evidence with defendant's. It is only an examination into the sufficiency of plaintiff's evidence to support a burden, ignoring defendant's evidence. In the latter, it is always a comparison of opposing proofs.

"There is a suggestion, in the opinion of the judge at the circuit on the motion for new trial, that to set aside a verdict as against the weight of the evidence is in violation of the seventh amendment to the constitution, providing that no fact tried by a jury shall be otherwise re-examined in any

court of the United States than according to the rules of the common law. An examination of Judge Lurton's opinion in the Lowery case will show that it was the habit of the judges of England, whence came the common law, to set aside verdicts as against the weight of evidence as early as Lord Mansfield's time and earlier. This would seem to show that the re-examination of the evidence necessary to set aside a verdict on such a ground was according to the rules of the common law."

■ The same principles were further clarified by Parker, J., in Aetna Casualty & Surety Co. v. Yeatts, 4 Cir., 122 F.2d 350, 354: "The distinction between the rules to be followed in granting a new trial and directing a verdict were stated by us with some care in Garrison v. United States, 4 Cir., 62 F.2d 41, 42, from which we quoted with approval in the later case of Roedegir v. Phillips, 4 Cir., 85 F.2d 995, 996, as follows: 'Where there is substantial evidence in support of plaintiff's case, the judge may not direct a verdict against him, even though he may not believe his evidence or may think that the weight of the evidence is on the other side; for, under the constitutional guaranty of trial by jury, it is for the jury to weigh the evidence and pass upon its credibility. He may, however, set aside a verdict supported by substantial evidence where in his opinion it is contrary to the clear weight of the evidence, or is based upon evidence which is false; for, even though the evidence be sufficient to preclude the direction of a verdict, it is still his duty to exercise his power over the proceedings before him to prevent a miscarriage of justice. See Felton v. Spiro, 6 Cir., 78 F. 576. Verdict can be directed only where there is no substantial evidence to support recovery by the party against whom it is directed or where the evidence is all against him or so overwhelmingly so as to leave no room to doubt what the fact is. Gunning v. Cooley, 281 U.S. 90, 50 S.Ct. 231, 74 L.Ed. 720. Verdict may be set aside and new trial granted, when the verdict is contrary to the clear weight of the evidence, or whenever in the exercise of a sound discretion the trial judge thinks this action necessary to prevent a miscarriage of justice.' " [3]

■ Another point raised on the present appeal is that the action of a trial court in granting or denying a motion for a new trial is not an appealable order. This is the correct rule in the ordinary case unless it is shown that the trial court has abused its discretion. Here, however, we find that the trial court has refused to exercise its discretion, contrary to the mandate of this court. The same point was raised in Felton v. Spiro, 6 Cir., 78 F. 576, 581, and was disposed of in the following language: "But the motion for new trial is a remedy accorded to a party litigant for the correction by the trial court of injustice done by the verdict of a jury. It is one of the most important rights which a party to a jury trial has. It is a right to invoke the discretion of the court to decide whether the injustice of the verdict is such that he ought to have an opportunity to take the case before another jury. If, now, in exercising this discretion, it is the duty of the court to consider whether the verdict was against the great weight of the evidence, and he refuses to consider the evidence in this light on the ground that he has no power or discretion to do so, it is clear to us that he is depriving the party making the motion of a substantial right, and that this may be corrected by writ of error."

Reversed with instruction to the trial court to consider the motion for a new trial on its merits.

---

[3] See also Hawkins v. Sims, 4 Cir., 137 F.2d 66; General American Life Ins. Co. v. Central Nat. Bank, 6 Cir., 136 F.2d 821.