**QUICK v. PAREGOL.**

Nos. 808, 809.

Municipal Court of Appeals for the
District of Columbia.

Argued July 11, 1949.

Decided Aug. 5, 1949.

212

Joseph H. Schneider, Washington, D. C., with whom Ben Lindas, Washington, D. C., was on the brief, for appellant.

Goldie S. Paregol, pro se.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal involves the right of a tenant to restitution of real property after the landlord had gained possession under a judgment, pending appeal from that judgment which was subsequently reversed and a new trial ordered. Instead of proceeding with the new trial the landlord took a voluntary nonsuit, with the consent of the tenant. The tenant thereafter moved to set the nonsuit aside and for restoration of the property to him. The trial court refused to set aside the nonsuit and also refused restitution and from such refusal the tenant prosecutes this appeal. We have concluded that the trial court acted erroneously.

The action involves two adjoining houses in the southwestern section of the city. They were originally rented on a month to month basis by the tenant, appellant here, from a predecessor in interest of the present landlord under written agreements providing that the premises would be used only as dwellings and that the tenant would not sublet or take in roomers, lodgers or boarders without the written consent of the landlord. After the purchase of the properties by the present landlord, she filed suits for possession in the Landlord and Tenant Branch of the Municipal Court alleging that she was entitled to possession under the District of Columbia Emergency Rent Act[1] for the reason that the tenant had violated the terms of the leases by conducting rooming houses in the premises. The trial court directed verdicts for the landlord. On appeal by the tenant we held that the trial court had erred in refusing to admit evidence tending to show that the covenant of the leases against subletting and against taking in roomers had been waived by the original lessor and that the present landlord was bound by such waiver. We therefore reversed the judgment of the trial court and ordered a new trial.[2] In concluding our opinion, we said: "Appellee [the landlord] contends that these cases are moot because the tenant gave no supersedeas bond and because the tenant voluntarily surrendered possession of one or both of the properties. Failure to furnish a supersedeas bond does not waive the right of appeal. Dowling v. Buckley, 27 App.D. C. 205; Sechrist v. Bryant, 52 App.D.C. 286, 286 F. 456. A voluntary surrender of possession would make the case moot. Price v. Wilson, D.C.Mun.App., 32 A.2d 109. Cf. Lalekos v. Manset, D.C.Mun.App., 47 A.2d 617. However, appellant denies any voluntary surrender and we cannot determine this question of fact. It must be left to determination by the trial court on the new trial."

After new trials had been ordered by the trial court in accordance with our mandate and after one or more continuances, the cases were calendared for trial by the tenant, whereupon the landlord filed a motion for nonsuits on the ground that since the filing of the original complaints she had obtained possession of the premises sought, and had remodeled and leased them to other tenants. The tenant objected to the grounds for the nonsuits but consented to their being taken. The trial court allowed the nonsuits to be taken,[3] ruling however

---

[1] Code 1940, Supp. VI, § 45—1601 et seq.

[2] Quick v. Paregol, D.C.Mun.App., 61 A. 2d 407, 408.

[3] While called a nonsuit, the court specified it was acting under Municipal Court rule 37(a) (1) which permits voluntary dismissal of an action after answer upon filing of a stipulation of dismissal signed by all the parties to the action. The rule provides further that unless otherwise stated, such dismissal is without prejudice. In practical effect there is no difference between a voluntary nonsuit and a voluntary dismissal.

that it was not passing upon the manner in which the landlord had regained possession. In allowing the dismissals the trial court stated that it was doing so without any waiver of the rights of the parties in the matter.

Fourteen days after entry of the dismissals the tenant filed a motion entitled "Motion To Reinstate Cause of Action And To Direct Plaintiff To Restore Possession Of Property To Defendant." After argument, the trial court overruled this motion.

█ We are clear under our previous opinion and mandate that the trial court on timely motion of the tenant should have taken evidence on the question of whether the tenant voluntarily surrendered possession of the premises and that if it held that the surrender was not voluntary but resulted from the previous judgment or from actions of the landlord based thereon it should have ordered restitution of the premises to the tenant.

In County of Dakota v. Glidden, 113 U. S. 222 at page 224, 5 S.Ct. 428, at page 429, 28 L.Ed. 981, the Supreme Court said: "There can be no question that a debtor against whom a judgment for money is recovered, may pay that judgment, and bring a writ of error to reverse it, and if reversed can recover back his money. And a defendant in an action of ejectment may bring a writ of error, and, failing to give a supersedeas bond, may submit to the judgment by giving possession of the land, which he can recover, if he reverses the judgment, by means of a writ of restitution. In both these cases the defendant has merely submitted to perform the judgment of the court, and has not thereby lost his right to seek a reversal of that judgment by writ of error or appeal."

█ In Wilson v. Newburgh, 42 App.D. C. 407, it was said: "Upon vacation of the former judgment and the granting of a new trial, the case stands as originally. The former trial and all that occurred in connection therewith is a mere nullity. Ap-

pellant was dispossessed under a writ issued upon a void judgment, and, until legally dispossessed, she is entitled to possession. It is well settled that where, in ejectment, a party in possession has been ejected from the premises under a judgment found upon appeal or writ of error to be erroneous, the party so dispossessed is entitled to restitution of the premises. The rule, which seems to be without exception, is stated in Gregg v. Forsyth, 2 Wall. 56, 17 L.Ed. 782, as follows: 'The plaintiffs in error were entitled to restitution, both of the premises and costs, on the reversal of the judgment, and the modern practice is to apply to the court, on the coming down of the mandate from the appellate tribunal and the entry of the judgment of reversal, for a writ of restitution, setting forth the facts entitling the party to the remedy, and giving notice of the motion to the adverse party.' " [4]

While the tenant here did not specifically move that a writ of restitution be issued, he did move, though belatedly, that plaintiff be directed to restore possession of the property to him. The tenant was not required to use a particular set of words. In substance he asked for what he was entitled to, but he should have made this request prior to consenting to dismissal of the cases or have made his consent conditional upon restitution of possession.

The landlord here argues that where a plaintiff has taken a voluntary dismissal, particularly with the consent of the defendant, then the trial court, and also an appellate court, no longer has jurisdiction over the case.

Stated as a general principle, the position of the landlord undoubtedly is correct. But here within fourteen days after the judgment of dismissal (or nonsuit) was entered the tenant not only moved to have possession of the property restored to him but also moved to reinstate the action by setting aside the dismissal. As grounds for such motion the tenant represented to the trial court that he had consented to the order of dismissal trusting that the land-

[4] To the same effect see: Baltimore & O. R. Co. v. United States, 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954; Bank of United States v. Bank of Washington, 6 Pet. 8, 31 U.S. 8, 8 L.Ed. 299; Hurst Automatic Switch & Signal Co. v. Trust Co., 291 Mo. 54, 236 S.W. 58; 3 Am. Jur., Appeal and Error, §§ 1248, 1251; 2 Freeman, Judgments, 5th Ed., §§ 1177, 1168.

lord would perform her duty to restore the property but that the landlord having refused to make such restitution the trial court had jurisdiction to investigate whether the dismissal involved any mistake, fraud or concealment.

We believe that the representations made in the tenant's motion bring such motion within the purview of rule 53(b) of the Municipal Court rules, which is patterned after rule 60(b), F.R.C.P., 28 U.S. C.A.[5] Motions to set aside judgments on the grounds indicated have been sustained with respect to judgments of dismissal,[6] even where the dismissal has been entered by improvident stipulation of counsel for both parties.[7] Relief from an order or judgment so granted may be given both for mistakes of fact and mistakes of law as well as for fraud.[8]

The rule of law that upon reversal of a judgment the appellant is entitled to restitution of anything taken and held under the judgment is so positive and of such universal application that we hold the tenant in the present case had every right to expect that the landlord would perform her legal obligation and make restitution[9] and hence that he had a right to urge that his counsel's consent to the dismissal was given as a result of mistake or even upon more serious grounds. It has been held that despite a voluntary dismissal of an action by a plaintiff a defendant is entitled to regain possession of property which such plaintiff had obtained pursuant to a judgment in his favor which was subsequently reversed.[10]

The question of whether the dismissal should have been set aside was within the discretion of the trial court and ordinarily such discretion will not be disturbed on appeal except for its abuse. Here, however, it is clear that the trial court refused to exercise its discretion on the theory that under rule 37(a) (1) the plaintiff by filing a stipulation of dismissal signed by defendant's counsel had the right to dismiss the action. The plaintiff did have such right on such terms as were just, but the trial court also had the right to set aside such dismissal if it were established to its satisfaction that the stipulation was given improvidently within the meaning of Municipal Court rule 53(b). A failure to exercise discretion has the same effect as an abuse of discretion.[11]

Three further points are raised by the landlord on this appeal. The first is that she should not be required to restore the premises to the tenant because she has spent money in improvements and has in-

[5] Municipal Court rule 53 is made applicable to landlord and tenant cases by landlord and tenant rule 10. This rule provides that "On motion the Court, upon such terms as are just, may relieve a party or his legal representative from a judgment, order, or proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." The Municipal Court rule provides that such motion must be made within a reasonable time, but in no case exceeding three months after such judgment, order, or proceeding was taken. (The federal rule permits such a motion to be filed within one year after the judgment or order complained of.)

[6] Weller v. Socony Vacuum Oil Co., D. C.S.D.N.Y., 2 F.R.D. 158; Robins v. Pitcairn, D.C.N.D.Ill., 3 Fed.Rules Serv. 60b.21, Case 2. See also Cavallo v. Agwilines, Inc., D.C.S.D.N.Y., 2 F.R.D. 526.

[7] McGinn v. United States, D.C.D. Mass., 2 F.R.D. 562; Preveden v. Hahn, D.C.S.D.N.Y., 36 F.Supp. 952. Cf. In re Gsand, 3 Cir., 153 F.2d 1001. See Palace Hardware Co v. Smith, 134 Cal. 381, 66

P. 474, illustrating practice under California Code Civ.Proc. § 473, upon which federal rule 60 was modeled.

[8] See: Commentary on rule 60(b), F. R.C.P., 3 Fed.Rules Serv., p. 731; 1 Freeman, Judgments, 5th Ed., §§ 238, 232.

[9] Bank of United States v. The Bank of Washington, supra.

[10] Lanyon v. Chesney, 209 Mo. 1, 106 S.W. 522. See also State ex rel. Abeille Fire Ins. Co. v. Sevier, 335 Mo. 269, 73 S.W.2d 361, certiorari denied 293 U.S. 585, 55 S.Ct. 99, 79 L.Ed. 680; Aetna Ins. Co. v. Hyde, 327 Mo. 115, 34 S.W.2d 85; Hurst Automatic Switch & Signal Co. v. Trust Co., supra. Contra: Anheuser-Busch Brewing Ass'n v. Hier, 55 Neb. 557, 75 N.W. 1111.

[11] Capital Transit Co., Inc. v. Crusade, D.C.Mun.App.1949, 68 A.2d 209. See also Laughlin v. Berens, 73 App.D.C. 136, 118 F.2d 193. The landlord relies strongly upon a later appeal in Laughlin v. Berens, 75 U.S.App.D.C. 409, 128 F.2d 23, but the cases are clearly distinguishable.

stalled other tenants or roomers in the two houses. The short answer to this contention is that the improvements were made and the tenants or roomers installed during the pendency of the appeal from the judgment in her favor. She took a chance for which she has only herself to blame.

 The landlord also urges that under the District of Columbia Emergency Rent Act, Code 1940, Supp. VI, § 45—1605(b)(4), a landlord may recover possession of housing accommodations when he seeks possession in good faith for the immediate purpose of substantially altering or remodeling the property and that since she had remodeled the property she is entitled to possession. This contention also merits only a short answer. Possession on such grounds may be gained by the landlord only after the plans for remodeling have been approved by the Commissioners of the District of Columbia and after suit has been filed in the Landlord and Tenant Court.

The final contention made by the landlord is that ordinarily restitution will not be ordered after the tenant's term has expired and that here defendant below was a monthly tenant and hence that his term has expired. This contention ignores the effect of the Emergency Rent Act which, with certain exceptions not pertinent here, gives tenants the right to continued occupancy of housing accommodations so long as rent control continues and so long as they pay their rent and comply with the terms of the tenancy.[12] We have no doubt that under the existing circumstances the tenant here had as much right to restitution as though he had a lease which was still in effect.

The order overruling defendant's motion to reinstate the cause of action and to direct plaintiff to restore possession of property to defendant will be reversed with directions to the trial court to consider such motion on the merits in accordance with the principles stated in this opinion. If the trial court determines in the exercise of its discretion that the dismissal shall stand then the tenant will be relegated to seeking restitution through a separate action. If the trial court determines that the dismissal shall be set aside, the parties will be entitled to a new trial on the merits as previously directed by this court. If such new trial is held the trial court may hold the motion for restitution in abeyance pending the outcome of such trial. If the tenant finally prevails, he will be entitled to restitution; otherwise the landlord will be entitled to remain in possession.

Reversed with instructions.

---

12 Warthen v. Lamas, D.C.Mun.App., 43 A.2d 759, appeal denied, United States Court of Appeals for the District of Columbia, Oct. 19, 1945.